The
Chief Justice
delivered the opisiiun of die court
The first reason assigned for selling aside tho verdict is, that dm jury erred in point of fact, or, i» other wwdti, that tits vet-diet Is against the evidence.
*280 The parties in the cause are (iso owners of adjoining lots in the town of Paterson. Both lots, with others in the vicinity, f°rmei'ty belonged to the same person, Abraham Van Houten. In 1813, he divided a large lot into divers smaller lots; one of them, called No. 1, he conveyed by deed, to Brant and James Van Blarcom. Two others, No. 2 and No. 3, he granted by one deed, of the same date with the former, to the person who conveyed them to William Jacobs, under whom the defendant holds possession. Another lot, No. 4, he conveyed to the lessor of. the plaintiff, describing it as he had done the others, by course and distance, and bounding it on the lot No. 3. The defendant, who sometime since erected an house, placed it, as the lessor of the plaintiff alleges, although warned at the time against doing so, upon his lot ten inches in the rear, and fifteen inches in the front. According to the deeds, the easterly line of the defendant’s lot is the western boundary of the other. One line is common to both, and the true location of that line is the matter in controversy. The defendant says these lots all bound on Van Houten street, and their lines lie at right angles with itj and the deeds shew .this to be true. He says his surveyor ascertained the course of Van Houten street to be N. 83 deg. 30 min. W., and running from the corner of the defendant’s house on the street, a course S. 6 deg. 30 min. W., at right angles with the street, he struck the rear line of the lots, or the society’s line, as it is called, about four inches to the west of Brower’s corner. Hence running from that corner, reversing the course, N. 6 deg. 30 min. E., which fine would be four inches easterly of the other line, the house of the defendant would be found entirely to the west of the line, and therefore not Within the plaintiff’s boundaries. The jury, however, did not adopt this line; and herein, says the defendant, the jury erred. This conclusion, as is manifest, is founded entirely on the assumption that the true course of Van Houten street is N. 83 deg. 30 min. W.; and if this be not so, some other course than 6 deg. 30 min. will be necessary to form the right angle. But in what way did the surveyor ascertain N. S3 deg. 30 min,, W. to be the course of Van Houten street? Not from the deeds; for they give it N. 83 deg. 20 min. W. Not from the Society’s line, as stated in the deeds, for this also is given N. 83 deg. 20 min. W. and Van Houten street appears from the deeds *281 id ho parallel to it.. Was it from an observation with his compass in the street? or by the fronts of the houses? He did not inform tho jury. And as so much depends on the accuracy of this first step, in order that its.correctness might be tested and shewn to bo a safe reliance, the method of its ascertainment ought to have been distinctly stated. Neither the argument nor the evidence then can be entitled to much weight, unless the course used by the surveyor is shewn conclusively to be the coarse of Van Houv.ea street. It was insisted by the defendant’s counsel, that this street is a fixed landmark, and entitled to prevail over, or rather to regulate, other lines both in course and distance. But the question recurs, what is Van Houteu street ? What is its course ? If that course is entitled to the respect of a fixed boundary, it ought to possess more certainty iban has yet been shewn to belong to it. For whether the course Is to be ascertained by actual observation, or by the situation of he houses, which rnay or may not have been accurately placed., or from the various deeds which border on it, has not been settled. Inasmuch then as this evidence and argument assume a proposition which was in itself an unsolved problem, it cannot be said the jury erred in not yielding to it, if on the part or shew of the plaintiff there was satisfactory ground on which to rest their verdict. The evidence exhibits the following view, which has, it may be presumed, been adopted by the jury. The line in dispute, is the third line of the original deed under which the defendant claims aud the first line of the plaintiff’s deed % the course and distance are the same in both deeds j and they are in fact, as already remarked, one common line. The beginning corner of the plaintiff’s deed, which is also the third corner of the defendant’s deed, is undisputed. This corner then was taken by the plaintiff’s surveyor as his starting point. He also ascertained! that it was correct, by beginning at an house which stands at the junction of Prospect and Boudinot streets, which is the first corner of lot No. 1. of these lots, and running thence along Prospect street the given distance to the Society’s line, and then along that line, the required distance of lots No. 1 and 2 and 3, whereby he came out within two or three inches of the acknowledged corner of lots 3 and 4. Starting from this corner, he ran a course N. 6 deg. 40 min. E. the course called for in all the deeds, and which is not by any evidence shewn t© have bees originally er *282 roneotis; and the line thus run, passed through the house of ths defendant ten inches in the rear and fifteen inches in the front, and shewed, if it was correct, that the defendant had so much encroached on the lot of the plaintiff. Now this line was evidently correct, if the starting point was right, if the course run was true, and if the work of the surveyor was skilfully performed. But the starting point was undisputed ; the course assumed is that which is given in ail the deeds, including those by which the lots were originally laid out and conveyed 5 and of the accuracy of the artist no doubt is expressed. It may, however be asked, does the line as thus run form a right angle with Van Houten street ? It certáinly does if 83 deg. 20 min. be the course of that street ; and that such is the true course is abundantly shewn, whatever may be the present range of the street, or situation of the adjoining houses, from the contents of the deeds 5 which according to the evidence is the only true source whence the course may be deduced; and which street it was said by the defendant’s counsel, on the argument,'was formed in 1813, by the laying out of these lots and had not before éxisted.
Another part of the evidence received, it may be presumed, some attention from the jury. In January 1824, William Jacobss the real defendant in the cause, became the owner of lots No. 2 and No. 3. In the month of May of the same year, he purchased and obtained a conveyance from Abraham Van Houten, of a gore or triangular piece of land lying eastwardly of the lot then owned by him, and between it and that of Brower. This gorea according to the description in the deed extends easterly along Van Houten street, sixteen inches from the north east corner of William Jacobs’ lot. Upon this gore in part, the house occupied by the defendant is placed, for his surveyor testified that the line, as he claims it, just cleared the house. On the trial, the existence of this gore between the lots, and the title of Jacobs to it, were strenuously urged ; but on the argument of the motion for new trial, very properly abandoned-, in as much as since lot No. 4 on Brower’s lot bounds on lot No. 3 or Jacobs’ lot, there .can by no possibility be a gore between them. If, however, the east side of the house was placed, under the supposed strength of that deed, fifteen or sixteen inches easterly of the north east corner of let No. 3, it will be seen at once that the easterly line of that lot as then considered, corresponds with the survey now made by the *283 p/amtiffj for the plaintiff’s surveyor says, his line struck the house ten inches in the rear and fifteen inches in the frout; and farther that the 88 house is a little skewing and is not set exactly square.” If then the jury believed, from the evidence, that the plaintiff’s line as now run coincided with the fine taken and deemed to be the true line in 1824, prior to the occurrence of any controversy, they may with propriety have given some weight to the fact in settling any doubts which had been raised.
On the argument it was strongly pressed, that Brower had the distance called for by his deed, 30 feet on the street, exclusive of the part claimed by him from the defendant, or in the words of the witness, “ measuring from the end of Emerson’s house, So the middle post of Blower’s fence, and the distance is thirty feet and six and a half inches ;” and measuring the whole length of the street from the turnpike up to Emerson’s corner, and it as 455 feet and some inches ; according to which there is 30 feet and the fraction of an inch for Brower’s lot, clear of the line as elaimed on the part of the defendant. But it is obvious to the slightest reflection, that no dependance can be placed on this course of reasoning, For the necessary order of things is exactly reversed. The north east corner of lot No. 3, is not fixed by its distance from the northeast corner of Brower’s lot No. 4, nor by its distance from the turnpike; but on the other hand the northeast corner of lot No. 4, is fixed by its distance 30 feet from the north east corner of lot No. 3, which of consequence must be first ascertained, the line of lot No. 4, running as described in the deed, and as already mentioned, along the easterly line of lot No. 3, to its corner on Van Houten street. If instead of giving the distance, on the street, of Brower’s lot, the surveyors had given the distance of the defendant’s or Jacobs’ lot, more elucidation might perhaps have been obtained; for if in the defendant’s front on Van Houten street, measuring from the north east corner of lot No. I, there would be according to the plaintiff’s claim sixty feet less fifteen inches, the defendant would not then have, what his deeds, entitled, according io the manner in which they are drawn, to be first satisfied, distinctly demand ; but if in the defendant’s front are contained sixty feet and fifteen inches, then additional strength would be given to the plaintiff’s claim. From the absence of any evidence on this point, the jury may have fairly drawn an jisference, sin«;e it earnuot well be supposed io have escaped the *284 vigilance.of the defendant’s surveyor, whose long experience .was a matter of testimony, to shew, if the truth would have sustained him, that the.plaintiff’s claim did not leave the defendant the extent of front to which his deeds entitled him, and entitled him, as already remarked, in preference to the claims of the plaintiff
From a careful examination of the evidence, I can find ne satisfactory proof that the jury have erred, or that their verdict is in any measure inconsistent with the evidence. There is a discrepancy'in the observations of the two surveyors not noticed on the argument at the bar, which allhough it does not shew who is wrong, clearly proves that both cannot be right. The defendant’s surveyor says a line run from the common corner of the parties on the rear in the Society’s line N. 6 deg. 30 min. E. would clear Emerson’s house. The plaintiff’s surveyor says, a line run from that corner on a course N. 6 deg. 40 min. E. strikes Emerson’s house ten inches in the rear and 15 inches in the front. But the latter line according to the course should lie not to the westward but to the eastward of the former.
The second reason urged for new trial is, that the charge to the jury was erroneous in the method stated to them whereby they might ascertain the position of the line in dispute. The part of,the charge objected to is in these words. “ There is, it ■appears to me, a plain simple and easy mode whereby to ascertain, locate and fix the line. Each lot according to the succession of numbers is made to depend on the next preceding lot. Lot No. 1 is bounded by three streets, and extends thirly-four feet three inches on the Society’s line. No. 2 is bounded by lot No. 1; No. 3 by No. 2; and No. 4 by No. 3. Locate No. I and you have the western boundary of No. 2. Lay out No. 2 and No. 3 which are thrown together in the deeds from Van Houten to Parke, and from Ryerson to Jacobs, and whose description is .precise, and you thus find the eastern line of No. 3, the line in dispute on this occasion j for by the terms of the deeds, the eastern line of No. 3, and the western line of No. 4, are the Same. Hence a satisfactory mode of ascertaining the true position of this line is presented.” The argument is that the direction to go to lot No. 1, was wrong, for that as lots were laid out in the whole extent from Prospect street to the turnpike, the jury might with equal propriety have been directed to begin at the iatter and go back to the premises in dispute. There is, however, *285 «o solidity ia this argument, «or support for this objection. It can only gain credit from overlooking the language and structure af the deeds. If there was no error to be coi rented, then ill.', ¡result would be the same which ever mode was pursued % but if there was an error to be corrected, and the existence af this suit and of the deed for the gore made in 1824, may serva for proof that an error in some way, in opinion at least if not in fact existed, then the mode to be pursued was evidently to locate the lots in the succession which the description jn the deeds pointed out. As the eastern line of lot No. 1, was made to form the western line of lot No. 2, the former of these should he first settled- — And so, of the rest. To set out at the turnpike and run the other way, would require the eastern line af lot No. 3, to depend on the western line of lot No. 4, the reverse of what the order of the deeds n¡'escribes. Suppose the fact to be that there is not space enough to satisfy all the deeds» Lot No. 1, must be first satisfied in full talc. So of the others in succession of numbers. It was properly remarked by the defendant’s counsel, on the argument, that the rule to find out the true line was the actual location of the lots not the numbering of them : But then it will be seen by the deeds that the location is made to depend in a measure on the numbers. If a location js made commencing at the turnpike and running westerly, the deficiency, if any exists, must be thrown upon lot No. 3, and so, the westerly line of lot No. 2, being found will serve to fvj, tbs easterly boundary of No. I j whereas, the plain and unequivocal language of the deeds, requires the converse of this proposition.
Another objection to the charge is, that the jury were told that “ in estimating and comparing the conflicting opinions of the surveyors, they should not overlook,” among other things which were stated to them, “ the fact that Vanzaun, the plaintiff’s surveyor, was the same man by whom the lots were originally surveyed and laid out.” This remark, it is objected, was as touch as to tell the jury they ought to give some weight to his testimony on that account. And is it not true that they should have done so ? How much weight was not hinted, because of that the jury were to consider. It was the duty of the court to present to the jury such topics as were worthy of their attention. If the fact was unworthy of attention, it was wrong to recommend them *286 to consider it. But if, cceteris paribus, the surveyors were of equal merit and standing, and I am not aware of any difference, except in this respect, exhibited fay the evidence, he who had himself originally surveyed and laid out these lots' was, on that account, entitled to some wbat more of confidence than a stranger. If this be not so, there must be some peculiarity in the business of surveying, which renders practice and experience of !gss vajpie than iu any other department of art or science.
Judgment on the postea»